■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN COLLAZO, Appellant. [699 NYS2d 283] —Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered May 30, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and sentencing him to 1 to 3 years of imprisonment, unanimously affirmed.

Defendant's objection to the trial court's closure of the courtroom during the testimony of the undercover officer is unpreserved because he failed to request or suggest alternatives to closure (*People v Badillo*, 207 AD2d 742, *lv denied* 84 NY2d 1009). When, upon completion of the hearing regarding closure, the court asked if counsel wanted to be heard prior to its issuing its ruling, defendant's counsel responded "no" and then said, "I just don't want to be heard". In any event, closure was not improper, as the officer testified that he continued to work undercover in the immediate vicinity where defendant was arrested and had pending investigations involving that neighborhood (*People v Ramos*, 90 NY2d 490, 499, *cert denied sub nom. Ayala v New York,* 522 US 1002). The detective's expert testimony on the various roles of the participants in typical street-level narcotics sales was admissible as background information to explain the absence of buy money (*People v McMillian*, 240 AD2d 184, *lv denied* 90 NY2d 907).

This Court earlier held this case in abeyance and remanded the matter to the Supreme Court for a hearing on the defendant's motion to suppress evidence (*People v Collazo*, 249 AD2d 212). A hearing has been held and the motion has been denied. Appellant's counsel has determined that the minutes of that hearing raise no further issues for this Court's review. Concur—Sullivan, J. P., Rosenberger, Nardelli, Rubin and Andrias, JJ.